IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANNY KENDRELL PEARSALL | : | |
|    Petitioner | | |
| | : | |
| v. | : | Civil No. L-05-1956 |
| | : | |
| L. DOTSON and | : | |
| THE ATTORNEY GENERAL OF THE | : | |
|  STATE OF MARYLAND | : | |
|    Respondents | : | |

### MEMORANDUM

Pending is Danny Kendrell Pearsall's ("Pearsall") Petition for Writ of Habeas Corpus. For the reasons stated below, the Court will, by separate Order, DISMISS the Petition as time-barred.

**I.**   **BACKGROUND**

On February 24, 2000, Pearsall pled guilty to one count of first degree assault in the Circuit Court for Baltimore County, Maryland. He was sentenced to a 15-year term on April 20, 2000. Pearsall did not take a direct appeal. On October 14, 2003, Pearsall filed a post-conviction petition in the state trial court. Pearsall's raised fourteen issues in his petition; he claimed primarily that he had received ineffective assistance of counsel and that he did not understand the proceedings at his rearraignment. On March 30, 2004, Judge Michael J. Finifter of the Circuit Court for Baltimore County denied the petition. Pearsall filed an application for leave to appeal to the Court of Special Appeals of Maryland. On January 12, 2005, Pearsall's application was denied. The intermediate state court issued a Mandate on February 14, 2005.

On May 18, 2005, Pearsall filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction on the grounds that: (i) he was convicted as

an adult without being given a waiver hearing; (ii) the trial judge abused his powers, and (iii) he received ineffective assistance of counsel.[1]

Upon receipt of Pearsall's petition, the Court saw that it was time-barred.  On July 26, 2005, the Court ordered Respondents to file a limited answer regarding the timeliness issue, and directed Pearsall to file a reply showing his entitlement to the benefits of statutory or equitable tolling of the statute of limitations.  The parties have responded to the Court's Order.

## II.    ANALYSIS

### A.    Pearsall's Petition is Statutorily Time-Barred

Pearsall's conviction became final, at the latest, on May 20, 2000, when the 30-day time period taking a direct appeal expired.  See Md. Code Ann., Cts. & Jud. Proc. § 12-302(e); Md. Rule 8-204(a) & (b); Frasch v. Peguese, 414 F.3d. 518, 521 (4th Cir. 2005); see also Wade v. Robinson, 327 F.3d 328, 331 (4th Cir.), cert. denied, 540 U.S. 912 (2003).

Under 28 U.S.C. § 2244(d)(2), the limitation period tolls while post-conviction proceedings are pending.  In Pearsall's case, however, the one-year limitation period ran uninterrupted, as no post-conviction proceeding was pending for the twelve months following May 20, 2000.  In fact, the limitation period had already expired prior to October 14, 2003, the date that Pearsall filed his post-conviction petition in state court.

### B.    Pearsall's Petition is not Subject to Equitable Tolling

Pearsall acknowledges that his petition is statutorily time-barred, but argues that equitable tolling applies because: (i) he was seventeen years old at the time of his plea and was incompetent at the time; (ii) his trial attorney never informed him about the option of filing a

---

[1] Petitioner claims ineffective assistance because counsel failed to: (i) object to the trial court's abuse of power, and (ii) request a competency hearing in light of Petitioner's alleged mental problem.

§ 2254 petition nor of the one-year time limit associated with a § 2254 petition, and (iii) he suffers from learning disabilities. (Docket No. 1 at 5 & Docket Nos. 5 & 10). The Court disagrees.

The one-year limitation period under § 2254 is subject to equitable tolling. Rouse v. Lee, 339 F.3d 238, 246-47 (4th Cir. 2003), cert. denied, 541 U.S. 904 (2004); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling is an extraordinary measure that applies only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 330. Pearsall has failed to make the showing that this rare measure is necessary.

Pearsall has not demonstrated the existence of a mental defect or disability that prevented him from filing a timely § 2254 petition. The papers he has filed in this Court demonstrate an ability to understand the proceedings and the issues. He has also been able to communicate with the Court. During the post-conviction proceedings, Judge Finifter concluded that Pearsall understood the nature of his plea proceedings and that he was competent to waive his rights to a trial.

The Court appreciates that a poor education, ignorance of the law, or limited literacy pose substantial obstacles to an inmate's ability to pursue claims in court. Nevertheless, the case law clearly states that these problems do not create the extraordinary circumstances that warrant equitable tolling of the limitation period. See Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002); see also Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999). Neither do attorney errors such as the failure to advise a client of the existence of federal habeas corpus or the time limit for seeking relief. See Hutchinson, 209 F. 3d at 330-31. The law holds inmates responsibly for a

basic level of inquiry and self-sufficiency.  Johnson v. McCaughtry, 265 F.3d 559, 566 (7th Cir. 2001) ("many clients, whether in prison or not, must vigilantly oversee the actions of their attorneys and, if necessary, take matters into their own hands").  In this case, Pearsall has demonstrated an ability to pursue a § 2254 petition.  Unfortunately, his efforts come too late.  While this result may seem harsh, it is the only way to prevent the statutory limitations period, which Congress explicitly wrote into the law, from becoming meaningless.

### III.    CONCLUSION

Having found no basis for a tolling of the one-year limitation period in this case, the Petition for Writ of Habeas Corpus will, by separate Order, be dismissed as time-barred.

Dated this 30th day of November, 2005.

/s/
_____
Benson Everett Legg
Chief Judge